346

(No. 840—

L. Y. SHERMAN AND NOAH C. BAINUM, PARTNERS, DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF SHERMAN & BAINUM, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 18, 1929.*

C. H. JENKINS, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE CLARITY delivered the opinion of the court:

This is a claim filed to recover for legal services in behalf of the State of Illinois. It is claimed and from the records in this case apparent that claimants performed services for the defendant under the direction of the Attorney General of the State. It is also shown by the record that the Legislature of this State failed to make sufficient appropriation to carry on the program of litigation as was then proposed by the Attorney General of the State of Illinois. The reasons for the Legislature failing to make the appropriation cannot properly be discussed here as this court is in the position as a matter of law an advisory committee to the Legislature. The province of this court is to study a proposition that the Legislature has not the time or opportunity to examine or consider from a legal and equitable viewpoint and to give our opinion on the particular line of facts, so the Legislature might be informed with the least inconvenience as to the

character of the claim presented and the equitable and legal reasons sought to be considered.

The Attorney General of the State of Illinois now comes and objects to this claim setting up that there are no legal or equitable grounds for an allowance in this case. Therefore the court must determine whether or not this is a case that the Legislature would require information. This court is of the opinion that this case is one which the Legislature was fully advised at the time the matter was considered by that body. That subsequent sessions of the Legislature had opportunity to consider the merits of this case and could have granted a remedy if that body so desired. This court is of the opinion that matters between the departments of this State should be determined between themselves as far as possible excepting in such instances where there is a mutual request for a determination of the subject matter by this court.

This court is reluctant about expressing an opinion or granting an award in matters wherein the Legislature is well informed and in view of the fact that the Attorney General of this State now comes and objects most vigorously, this court is of the opinion that it should not take jurisdiction in the matter involved in this issue.

It is therefore recommended by this court that the claim be dismissed.